## No. 10,105.

### CRANDALL *v.* CRANDALL.

Decided October 2, 1922.

Action to quiet title. Decree for plaintiff.

### *Reversed.*

1. REAL PROPERTY—*Alimony Decree—Warranty Deed.* Where in an action for divorce the wife was awarded as alimony the entire interest in a tract of land, the title of which stood in the name of the husband, the decree being duly recorded was constructive notice to third parties, and the title of the wife is held superior to that based on a warranty deed for an undivided one-half interest in the property, executed by the husband to his brother after the rendition and recording of the alimony decree.

2. QUIETING TITLE—*Possession.* In a suit to quiet title, the plaintiff must be in actual, not constructive, possession, when his title is legal.

*Error to the District Court of Arapahoe County, Hon. Samuel W. Johnson, Judge.*

Mr. HARRY N. HAYNES, for plaintiff in error.

No appearance for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff below, defendant in error here, Frank Crandall, brought this action against Amelia Crandall, defendant below, plaintiff in error here, to quiet title to an undivided interest in a quarter section of land in Arapahoe County, of whch he claimed ownership. The defendant, Mrs. Crandall, denied plaintiff's ownership and asserted title in herself to the entire interest in the tract. The case was tried before the court without a jury. No specific findings of fact were made, but the court rendered a decree denying defendant's claim, and quieted title in plaintiff to the undivided one-half interest which he claimed.

Frank Crandall, plaintiff below, is not represented by counsel on this review. Much of the brief and argument of plaintiff in error is directed to the invalidity of the alleged oral contract between the two brothers, Frank and Joseph Crandall, whereby Joseph is said to have bound himself to convey to Frank an undivided one-half interest in this property, and to a collusive suit by Frank against Joseph. Since the parties deraign title from the same source, and the judgment must be, for other reasons, set aside, and another judgment directed, we are not concerned with these alleged frauds.

The decree can not stand. We are unable to discover any evidence that supports it, or any principle of law that sanctions it. There is no substantial conflict in the material facts. The source of title of both parties is Joseph M. Crandall, the brother of the plaintiff Frank, and the divorced husband of the defendant, Amelia Crandall. In an action of divorce, Mrs. Crandall procured a decree against her husband, and in the decree she was awarded

as alimony the entire interest in the property which, upon the records of the county, was then in the name of the divorced husband, Joseph. This decree was rendered August 6, 1919, and a certified copy thereof was recorded in the office of the County Clerk and Recorder of Arapahoe County, August 28, 1919. The decree on its face purported to, and did, operate as a transfer of Joseph's entire interest in the property to his divorced wife. The record of this decree was constructive notice to third parties. Afterwards, and on March 2, 1920, Joseph M. Crandall, by warranty deed, conveyed to his brother Frank, an undivided interest in this property. Mrs. Crandall's title, therefore, as the result of the divorce decree, is superior to the later warranty deed from Joseph to Frank. Before, and at the time the divorce decree was rendered, the plaintiff here, Frank Crandall, was living on this land, apparently at sufferance of the owner, and claimed some right of possession. After the decree was entered the defendant served a written notice upon him to quit, upon the ground that she had been vested with title to the entire tract as the result of the divorce decree, and his right, if any, of possession was terminated. Frank thereupon surrendered possession and left the premises and never thereafter made any claim of ownership, or right of possession, until he obtained this warranty deed months after the divorce decree was granted and a copy of it recorded, and after he vacated the premises. Later he brought suit against his brother Joseph, to compel specific performance of an alleged contract between them, whereby Joseph agreed to convey the one-half interest to Frank. Joseph confessed this suit and upon his admission of the facts, the court rendered the decree prayed for, which Joseph performed by giving the warranty deed above mentioned.

The defendant's decree, antedating the plaintiff's warranty deed, gives her, as we have decided, the better title and there is nothing in this record to impeach her title. There was an attempt below to show that the defendant knew of the agreement which her husband had made to con-

vey to Frank, but it signally failed and she testified, and there was no evidence to contradict her, that she knew nothing of any such agreement and never knew that Frank claimed any interest in this land, other than as a tenant, or occupant at will, until the instant suit was begun.

Wholly aside from lack of merit, plaintiff's suit should have been dismissed. His title, if any, is legal, not equitable. In a suit to quiet title the plaintiff must be in actual, not constructive, possession, when his title is legal. 2 Mills' Digest, 1919, *et seq.* Plaintiff was out of possession and had been for many months, when he filed this complaint. The judgment is reversed and the cause remanded with instructions to the trial court to set aside the decree, and to make a new decree adjudging the defendant to be the owner of the entire interest in the land, and to quiet title to the same in her. The costs of the hearing below and in this court, and such costs as may be incurred upon further proceedings of the trial court in carrying out the foregoing instructions, to be taxed to the defendant in error.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE BURKE, concur.